**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Lorraine Hatheway,<br><br>    Plaintiff,<br><br>v.<br><br>Aileen Defeo,<br><br>    Defendant. | No. CV-19-05610-PHX-DLR<br><br>**ORDER** |

    Before the Court is Plaintiff's motion for default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 14.) No response has been filed and the time for filing one has passed. For reasons stated below, the Court will deny default judgment.

**I. Background**

    Plaintiff, proceeding pro se, filed a complaint on November 12, 2019, which brings claims against Defendant for violating 15 U.S.C. § 45 and the Connecticut Unfair Trade Practices Act, conspiracy, and unjust enrichment. (Doc. 1.) Specifically, the complaint alleges that Defendant, a Connecticut Coldwell Banker branch vice president and brokerage manager, caused 112 Cedar Swamp Road Deep River, CT (the "Property") to be listed for sale and mischaracterized as bank-owned on certain real estate websites, even though Plaintiff contends that the Property is actually owned by a common law trust

controlled by Plaintiff.[1] (*Id.* at 2.) Plaintiff alleges that Defendant's actions caused Plaintiff to be locked out of and unable to use the Property, which is currently sale-pending. The complaint seeks, among other things, damages in the amount of one million dollars. (*Id.* at 7.) Plaintiff served her complaint on Defendant on December 31, 2019. (Doc. 9.) After Defendant failed to file an answer or otherwise respond, on February 21, 2020 Plaintiff filed an application for entry of default, which the Clerk of Court granted on February 24, 2020. (Docs. 12, 13.) Plaintiff filed her motion for default judgment on March 18, 2020. The motion is now ripe.

## II. Default Judgment Standard

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

---

[1] Plaintiff contends that her control over the property persists, even though she admits that "[a] certificate of foreclosure was placed on the land record in 2018" and the Bank of New York Mellon was the grantee of the certificate of foreclosure. (Doc. 1 at 2, 3.) Confusingly, Plaintiff argues that Defendant, or perhaps Coldwell Banker itself, cannot advertise the Property for sale—and in doing so is violating Plaintiff's rights—because Defendant was not a party to the foreclosure and Plaintiff was not shown the contract between the Bank of New York Mellon and Coldwell Banker to advertise the Property. (*Id.* at 3.)

- 2 -

## III. Discussion

Because the Court finds that Plaintiff has failed to stated a claim upon which relief can be granted under the second *Eitel* prong, and in light of the one-million-dollar judgment requested under the fourth *Eitel* prong, the Court will deny Plaintiff's motion. Looking to the merits, the complaint fails to show how Plaintiff may be entitled to relief. First, it does not explain how Plaintiff could plausibly maintain control of or even possess an interest in the Property after the 2018 foreclosure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must . . . 'state a claim to relief that is plausible on its face.'"). Second, the complaint does not explain why relief should be recoverable from Defendant, particularly.[2] Third, even though personal jurisdiction can be waived, the complaint does not allege facts that support a finding that the Court has either general[3] or specific[4] personal jurisdiction over Defendant. In light of the complaint's shortcomings and the massive relief requested, default judgment is inappropriate under Rule 55(b).

---

[2] Plaintiff has previously filed lawsuits against other entities and individuals—including Coldwell Banker listing agents, a Connecticut lawyer, the Bank of New York Mellon and its CEO—arising from facts surrounding the Property. All were dismissed. *See Hatheway v. Bank of New York Mellon*, Civ. No. 18-08332-PCT-DLR, 2019 WL 2415287 (D. Ariz. June 7, 2019); *Hatheway v. Sirochman*, Civ. No. 19-08028-PCT-DWL, 2019 WL 3973658 (D. Ariz. Aug. 22, 2019); *Hatheway v. Taylor*, Civ. No. 19-CV-08173. Failing to obtain relief against these parties, Plaintiff now attributes the allegedly violative actions to Defendant. However, the complaint fails to make clear why Defendant is the proper party. The complaint only states that Defendant "is an individual, a U S Citizen, living in the State of Connecticut." (Doc. 1 at 1.) The Court was only able to determine Defendant's employment or likely connection to the Property by conducting independent research.

[3] Plaintiff has made no allegation that Defendant engages in "continuous and systemic general business contacts" in Arizona as required to establish general personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Because Defendant is employed at a Coldwell Banker branch in Connecticut, it is highly unlikely that Defendant operates continuously and systemically in Arizona.

[4] The Ninth Circuit applies a three-part test to determine whether a defendant is subject to specific personal jurisdiction: "(1) The non-resident defendant must purposefully direct [her] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [s]he purposefully avails h[er]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Morrill v. Scott Fin. Co.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Because this case involves a Coldwell Banker employee's advertising of the Property in Connecticut and is tied to Arizona only insofar as Plaintiff is domiciled here, it does not arise out of or relate to any activities conducted by Defendant in Arizona.

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is required to show cause, by no later than **April 21, 2019**, why the Court should not dismiss Plaintiff's complaint for failure to state a claim in light of the concerns identified in this order. The Clerk is directed to terminate this case without further order if Plaintiff fails to respond to this order to show cause by the deadline stated herein.

Dated this 9th day of April, 2020.

Douglas L. Rayes
United States District Judge