**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Lorraine Hatheway, | No. CV-19-05610-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Aileen Defeo, | |
| Defendant. | |

Before the Court is Plaintiff's response to the Court's order (Doc. 15) requiring her to show cause why the Court should not dismiss her complaint for failure to state a claim. (Docs. 16, 17.) "A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  A court need not permit amendment if "it is clear that the complaint could not be saved." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir.2005).

It is clear, for several reasons, that Plaintiff's complaint cannot be saved. The Court will not go into all the reasons because the first reason ends the enquiry. The premise of her complaint is that she has a legal interest in 112 Cedar Swamp Road Deep River, CT (the "Property"), despite the foreclosure of the property in 2018.  Plaintiff has not alleged facts that support any theory under the law that supports her claim that she has a legal interest in that property.  The foreclosure of the property in 2018 extinguished whatever

interest she held.  Because she has no cognizable legal claim to an interest in the property, her complaint fails to state a claim against Coldwell Banker Connecticut branch vice president and brokerage manager, Aileen Defeo.

Plaintiff's argument that the foreclosure of the Property has no legal effect and she therefore retains an interest in the Property, because she quitclaimed her rights therein prior to foreclosure to SONLIGHT, for which she is trustee is not a correct statement of the law. Her argument that, because SONLIGHT was not a party to the foreclosure action it could not be "ejected" by the foreclosure, (Doc. 16 at 6) is not supported by the law.  Plaintiff appears to be conflating foreclosure actions with evictions.

Plaintiff's efforts to make some sort of transfer of the property prior to foreclosure does not change the rights of the lien holder.  Regardless of whether interest in the Property at the time of the foreclosure was held by SONLIGHT—through Plaintiff as trustee—or Plaintiff, Plaintiff was the mortgagee and the Property has been foreclosed on.  Any interest Plaintiff or SONLIGHT held in the Property was extinguished at that time.  Because neither Plaintiff nor SONLIGHT now have an interest in the Property, Plaintiff does not have standing to bring suit based on the advertisement of and use of the Property.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (a plaintiff is required to have standing for her claim to survive dismissal).   As a result, dismissal is proper.   Accordingly,

**IT IS ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to terminate the case.

Dated this 4th day of May, 2020.

Douglas L. Rayes
United States District Judge